12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph A. LONGO, Plaintiff-Appellant,
v.
Alvin H. MICHEL and James Kernen, Defendants-Appellees.
 No. 92-2313.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 Before: NELSON and RYAN, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 We previously affirmed the district court's judgment against plaintiff Longo on his claims seeking liability against all original defendants on March 12, 1991 (Nos. 89-1952 1997/2020). On one issue of sanctions not otherwise affirmed, we held:
 
 
 2
 Finally, we REVERSE and REMAND on the question of liability and amount of sanctions imposed against Longo with respect to his fruitless actions against Michel and Kernen. There is insufficient rationale in this respect for this court to review this question adequately, and there is no adequate explanation for the imposition of sanctions in the amount of $2,260.
 
 
 3
 The amount of the sanction allowed, $2,260.00, was one-tenth of the total of fees and costs submitted by defendants Michel and Kernen, who the district court found to have admitted that they were "not entitled to this full amount." The district court made the award to satisfy "the deterrent purposes of Rule 11."
 
 
 4
 It is sad but true that this extended controversy involving multiple demands for discovery and a variety of motions grew out of the plaintiff's dissatisfaction with his 1985 purchase at auction of a five-year-old Porsche automobile for $9,000. The plaintiff, an attorney who is representing himself, reargues the entire case in his brief after the district court affirmed the relatively modest sanctions award upon consideration after our remand.[1] He devotes a substantial portion of his brief to a discussion concerning original defendants, Don Glime and Midwest Auto Auction & Service, Inc. ("Midwest"). Kernen and Michel are principal officers of Midwest. Longo's principal complaint, upon reflection after discovery, was that Kernen and Michel, as corporate officers, did not do all they might or should have done to prevent what he claims was a fraud and misrepresentation, principally on the part of Glime.
 
 
 5
 The district court, after remand, concluded that Longo, on the date that he filed his amended complaint, had no reasonable basis either in law or in fact for naming Kernen or Michel as defendants. Longo's amended complaint failed to distinguish between factual and legal allegations made against the corporation, Midwest, and those made against Michel and Kernen, who were corporate officers. Further, Longo's motion to amend his complaint does little to reveal the factual or legal basis by which Longo sought to hold Michel and Kernen personally liable. As noted by the district court, Longo's deposition demonstrated that he had little or no factual basis on which to build a case against Michel or Kernen. We note that this deposition occurred long after Longo filed his original complaint and a little over a month beyond the filing of the amended complaint. Longo had over one year in which to conduct discovery and determine whether a factual basis existed to support liability against Michel and Kernen.
 
 
 6
 "The district court's determination of the appropriateness and level of Rule 11 sanctions is renewed for abuse of discretion." Orlett v. Cincinnati Microwave, Inc., 954 F.2d 414, 418 (6th Cir.1992) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990)). "In determining an appropriate sanction, the district court should consider (1) the nature of the violation committed, (2) the circumstances (including financial state) of the individual to be sanctioned, (3) those sanctioning measures that would suffice to deter that individual from similar violations in the future," and (4) the circumstances of the party adversely affected by the violation. Id. at 419. In sum, we find no abuse of discretion in the district court's conclusion that Longo's conduct did not meet an objective standard of reasonableness. All relevant factors were considered by the district court upon remand.
 
 
 7
 Specifically, the district judge determined that much of the costs would have been incurred regardless of the claims against Kernen and Michel. The court's award of one-tenth of the total amount of the costs requested is a reasonable percentage representing the costs related to the motion to amend. The district court appropriately noted that the amount it was awarding was meant to act as a deterrent, and not as a windfall nor a fee shifting device. The district court took into account Longo's ability to pay, the appropriateness of other sanctions, and clearly stated its principal goal. See Davis v. Crush, 862 F.2d 84, 88 (6th Cir.1988).
 
 
 8
 We conclude that Longo's appeal is not frivolous pursuant to Fed.R.App.P. 38. Accordingly, the defendants' request for damages is DENIED, and the order of the district court awarding sanctions is AFFIRMED.
 
 
 
 [1]
 Longo unsuccessfully pursued a petition for certiorari to the United States Supreme Court following our previous decision