Elizabeth GREISZ, Plaintiff–Appellant,

v.

HOUSEHOLD BANK (ILLINOIS), N.A., and Golden Seal Heating & Air Conditioning, Inc., Defendants–Appellees.

No. 98–3635.

United States Court of Appeals,
Seventh Circuit.

Argued April 19, 1999.

Decided May 7, 1999.

Rehearing Denied June 7, 1999.

Joseph A. Longo (argued), Mt. Prospect, IL, for Plaintiff–Appellant.

Mark B. Blocker (argued), Sidley & Austin, Chicago, IL, for Defendant–Appellee Household Bank (Illinois), N.A.

Karl R. Fink (argued), Fitch, Even, Tabin & Flannery, Chicago, IL, for Defendant–Appellee Golden Seal Heating & Air Conditioning, Inc.

Before POSNER, Chief Judge, and COFFEY and KANNE, Circuit Judges.

POSNER, Chief Judge.

This is a suit under the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, against Household Bank, with supplemental claims (28 U.S.C. § 1367) under Illinois law (the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, and the Uniform Deceptive Trade Practices Act, 815 ILCS 510) against both the bank and the Golden Seal Heating & Air Conditioning company. The district judge refused to certify the suit as a class action and later dismissed the entire suit. The appeal challenges these rulings.

■ The principal ground on which the district court denied class certification was the proved incapacity of the lawyer for the class, Joseph A. Longo, to litigate a class action. The class action is a valuable economizing device, especially when there is a multiplicity of small claims, but it is also pregnant with well-documented possibilities for abuse. The smaller the individual claim, the less incentive the claimant has to police the class lawyer's conduct, and the greater the danger, therefore, that the lawyer will pursue the suit for his own benefit rather than for the benefit of the class. The lawyer for a plaintiff class has not only an impaired incentive to be the faithful agent of his (nominal) principal, but also the potential to do great harm both to the defendant because of the cost of defending against a class action and to the members of the class because of the preclusive effect of a judgment for the defendant on the rights of those class members who have not opted out of the class action. That is why Fed.R.Civ.P. 23(a)(4), which requires the judge to determine whether the class representative (that is, the named plaintiff) will fairly and adequately protect the interests of the class, has been interpreted to require the judge also to assess the class lawyer's competence before certifying a suit to proceed as a class action. *General Telephone Co. v. Falcon,* 457 U.S. 147, 157–58 n. 13, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *Secretary of Labor v. Fitzsimmons,* 805 F.2d 682, 697 (7th Cir.1986) (en banc); *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 598 (7th Cir.1993); *Linney v. Cellular Alaska Partnership,*

151 F.3d 1234 1239 (9th Cir.1998); *Marisol A., by Forbes v. Giuliani,* 126 F.3d 372, 378 (2d Cir.1997) (per curiam); *Georgine v. Amchem Products, Inc.,* 83 F.3d 610, 630 (3d Cir.1996), aff'd, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

Mr. Longo's extensive but inept and wholly unsuccessful efforts to conduct class actions have drawn unusually pointed criticisms from Illinois state judges. In one case the judge called the complaint drafted by Longo (which had already been amended four times) the "lousiest complaint I've ever read" in twenty years on the bench, and added that "I wouldn't want to be in a class action where you were representing the Plaintiff." Longo has several times sought to file Truth in Lending class actions with his own relatives as the named plaintiffs, which is of course improper. E.g., *Susman v. Lincoln American Corp.,* 561 F.2d 86, 95 (7th Cir.1977); *Turoff v. May Co.,* 531 F.2d 1357, 1360 (6th Cir. 1976) (per curiam). He has filed untimely appeals, failed to protect the right of clients to opt out of doomed class actions, engaged in flagrant forum shopping, made exorbitant settlement demands, filed frivolous motions, displayed a lack of familiarity with procedural rules—and in the end always lost. In *Urso v. United States,* 72 F.3d 59 (7th Cir.1995), we criticized him on multiple grounds, while in *Estate of Henry, by Henry v. Folk,* 285 Ill.App.3d 262, 220 Ill.Dec. 831, 674 N.E.2d 102, 103 (1996), the court noted that he had attempted to serve process on a saloon by leaving a copy of the summons with one of the saloon's customers. In one of his class actions, he sent a nonlawyer to appear in his stead at oral argument, and in the same case he filed a motion to jail the opposing counsel for nonexistent discovery abuses. Acting as his own lawyer in a consumer-protection case, the field of his claimed expertise, he not only lost the case but was sanctioned for his incompetent handling of the litigation. See *Longo v. AAA–Michigan,* 201 Ill.App.3d 543, 155 Ill.Dec. 450, 569 N.E.2d 927 (1990); *Longo v. Michel,* 1993 WL 476967 (6th Cir.1993) (per curiam); *Longo v. Glime,* 1991 WL 32356 (6th Cir.1991) (per curiam). We are about to see that he has sacrificed the interests of the named plaintiff in this case to his desire to keep the case going in the forlorn hope that it might somehow, someday fly as a class action. Given Longo's track record, the district judge was clearly right to refuse to let the suit proceed as a class action.

■ It remains to consider whether the judge was also right to dismiss the suit. The named, and now only, plaintiff had bought a dual furnace-air conditioner from Golden Seal and charged the purchase on a credit card issued by Household Bank. The first monthly statement of her credit card account that reflected the purchase listed the price as $5,080. She thought it should only be $4,010, refused to pay any part of the bill, and instead brought this suit. After the district court had both denied class certification and granted summary judgment for the defendants on all counts except a sliver of one of the Truth in Lending counts against Household Bank (and thus on all counts naming Golden Seal as a defendant), the bank made a Rule 68 offer of judgment of $1,200 plus reasonable costs and attorneys' fees. When Greisz (no doubt at Longo's urging) refused to accept the offer, the bank successfully moved the district court to dismiss what was left of the suit on the ground that there was no longer a case or controversy within the meaning of Article III of the Constitution, since the offer of judgment exceeded the maximum amount of money that the plaintiff could conceivably have obtained by going to trial.

■ The part of the count that survived summary judgment alleged that Household had not made the required Truth in Lending disclosures to the plaintiff before she first used the credit card, as required by 12 C.F.R. § 226.5(b)(1) (implementing 15 U.S.C. § 1631). She had incurred no actual damages as a result of the violation and while we shall see that she claims that the alleged overcharge for the furnace-air conditioner caused her emotional distress,

the violation of the Truth in Lending Act that gave rise to the offer of judgment was unrelated to the overcharge. Without any evidence of actual damages, the maximum damages she could obtain were $1,000, 15 U.S.C. § 1640(a)(2)(A)(ii); *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir.1995), plus reasonable costs and attorney's fees. 15 U.S.C. § 1640(a)(3). By offering her $1,200 plus reasonable costs and attorney's fees, the bank thus was offering her more than her claim was worth to her in a pecuniary sense. Such an offer, by giving the plaintiff the equivalent of a default judgment (here it was actually larger by $200 than a default judgment would have been), eliminates a legal dispute upon which federal jurisdiction can be based. *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir.1994); *Rand v. Monsanto*, 926 F.2d 596, 597–98 (7th Cir.1991); *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir.1996); *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir.1986). You cannot persist in suing after you've won. Lawyer Longo may have thought that he had something to gain by pressing on—additional attorney's fees. But if that is what he thought, he was mistaken. Once a party has won his suit and obtained the attorney's fees that were reasonably expended on winning, additional attorney's fees would not be *reasonably* incurred. So by spurning the defendant's offer, Longo shot both himself and his client in the foot. He lost his claim to attorney's fees by turning down the defendant's offer to pay them, and Greisz lost $1,200. If further evidence of Longo's incompetence were needed than his sorry record in previous suits, this would be it.

We would have a different case if the bank had tried to buy off Greisz with a settlement offer greater than her claim before the judge decided whether to certify the class. For then Longo would have had to find another named plaintiff to keep the suit alive, and if the defendants had bought off *that* plaintiff as well and had repeated this tactic as Longo scrounged for a class representative, they might have hamstrung the suit. The tactic is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer of the *entire* relief sought by the suit, *Alpern v. UtiliCorp United, Inc., supra*, 84 F.3d 1525, 1539 (8th Cir.1996); *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 341, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) (concurring opinion), unless the offer comes before class certification is sought, *Holstein v. City of Chicago, supra*, 29 F.3d at 1147, and so before the existence of other potential plaintiffs has been announced. And obviously the rejection of an offer of less than the complete relief sought by a suit does not prove that there is no dispute between the litigants.

But here as in *Zimmerman v. Bell, supra*, 800 F.2d at 390, the offer of judgment was not made until the district judge refused to certify the suit as a class action, leaving Greisz as the sole party plaintiff, and so the offer was one of complete relief. She could, notwithstanding the offer, still appeal the denial of class certification, *Deposit Guaranty National Bank v. Roper, supra*, 445 U.S. at 339, 100 S.Ct. 1166, but our affirmance of that denial eliminates that possibility. Indeed, as the *Deposit Guaranty* case makes clear, she could have accepted the offer of judgment without giving up her right to appeal from the denial of certification, since the offer was to her, not to any other members ·of the class. *Id.* at 333, 100 S.Ct. 1166; see also *Love v. Turlington*, 733 F.2d 1562 (11th Cir.1984). That is why we said earlier that Longo had shot both his client and himself in the foot by rejecting the bank's Rule 68 offer of judgment.

■ But as we are about to see, this conclusion must remain tentative until we discuss the other counts that the judge dismissed. The other Truth in Lending claims were properly rejected on summary judgment and we have nothing to add to the district judge's discussion of those claims. 8 F.Supp.2d 1031 (N.D.Ill.1998). The state-law claims failed for a variety of

reasons, most clearly because of the plaintiff's failure to establish any damages for which relief can be obtained under the Illinois laws that she is suing upon. She claims that she "almost fainted" when she saw the alleged overcharge on her credit card statement. Longo added at argument the implausible fillip that Greisz worries every day that she might be dunned for the alleged overcharge. The state laws on which she (nominally, Longo really) is suing require, in a case in which the plaintiff cannot show any pecuniary loss but only an emotional injury, proof of a *serious* degree of distress caused by *outrageous* and not merely unlawful behavior by the defendant. *Dwyer v. American Express Co.*, 273 Ill.App.3d 742, 210 Ill.Dec. 375, 652 N.E.2d 1351, 1357 (1995); *Kleidon v. Rizza Chevrolet, Inc.*, 173 Ill.App.3d 116, 122 Ill.Dec. 876, 527 N.E.2d 374, 377 (1988); cf. *Public Finance Corp. v. Davis*, 66 Ill.2d 85, 4 Ill.Dec. 652, 360 N.E.2d 765 (1976). Neither condition is satisfied here.

■ But now we must return to the dismissal, because of the rejection of the Rule 68 offer of judgment, of the only possibly meritorious part of the suit. Household Bank's offer was of course limited to Greisz's claims against the bank, but it was not limited to a single count of the Truth in Lending claim. Had she accepted the offer, therefore, she would have been barred from appealing the dismissal on summary judgment of her other claims against the bank. *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 526–27 (10th Cir.1992); *Shores v. Sklar*, 885 F.2d 760, 762–64 (11th Cir.1989) (en banc). Since the offer did not provide complete (or for that matter any) relief with regard to those other claims, it was not, in fact, an offer to settle Greisz's *entire* case against the bank; and so the judge erred in thinking that the rejection of the offer required him to dismiss the suit without reaching the merits of the one claim that may have had some merit. But Longo does not argue this point (of course), and it is therefore waived.

AFFIRMED.