**Gerda SCHAAKE, on behalf of herself and all others similarly situated, Plaintiffs,**

v.

**RISK MANAGEMENT ALTERNATIVES, INC., Defendants.**

**No. 01 CIV. 4441(CM).**

United States District Court, S.D. New York.

Sept. 14, 2001.

---

Jerome Noll, Lax & Noll, New York City, for Plaintiff.

Jonathan M. Borg, Lisa Martinez Wolmart, Pitney, Hardin, Kipp & Szuch, LLP, New York City, for Defendant.

## MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

MCMAHON, District Judge.

Plaintiff filed a class action complaint on May 23, 2001, alleging violations of the Federal Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, seeking statutory damages as well as injunctive and declaratory relief for the plaintiff and the class. On June 26, 2001, prior to filing any response to the complaint, defendant served Schaake, the only named plaintiff, with an offer of judgment pursuant to Fed.R.Civ.P. 68.[1] The Rule 68 offer was for $1,000, plus reasonable attorneys fees to be determined by the court. Defendant now moves to compel the acceptance of the offer and dismiss the Class Action Complaint as moot.

Where a claimant does not sustain any actual damages, the Fair Debt Act limits the liability of a "debt collector" to "such additional damages as the court may allow, but not exceeding $1,000," and "costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §§ 1692k(a)(1), (2), (3). Some courts have held that, where a Rule 68 offer of judgment provides "all that [a plaintiff can] hope to recover through the litigation," the plaintiff's claim is moot, and the complaint must be dismissed. *Ambalu v. Rosenblatt,* 194 F.R.D. 451 (E.D.N.Y.2000) (*quoting Abrams v. Interco Inc.,* 719 F.2d 23, 32 (2d Cir.1983)). *See also Rand v. Monsanto Co.,* 926 F.2d 596 (7th Cir.1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate ... and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has not remaining stake."); *Murphy v. Equifax Check Servs., Inc.,* 35 F.Supp.2d 200, 203 (D.Conn.1999).

While this rule is sound as applied to individual plaintiffs, it does not necessarily apply when a plaintiff purports to act on

---

1. Rule 68 of the Federal Rules of Civil Procedure provides that a defendant "may serve upon the [plaintiff] an offer to allow judgment to be taken against [defendant] for the money ... specified in the offer, with costs then accrued." If accepted, the judgment is entered against the defendant. If rejected, the offer is deemed withdrawn. Importantly, "[i]f the judgment finally obtained by [plaintiff] is not more favorable than the offer, the [plaintiff] must pay the costs incurred after the making of the offer." Fed.R.Civ.P. 68.

behalf of a class. *After* an affirmative decision on class certification is reached, and the same is denied, a court may enter judgment pursuant to a Rule 68 offer over the objections of the individual plaintiff—when the relief tendered moots the controversy by offering the full measure of relief sought—and thereby dismiss the pending matter. *See e.g., Greisz v. Household Bank, N.A.,* 176 F.3d 1012, 1015 (7th Cir.1999). Defendant argues that a Rule 68 offer should have the same effect prior to class certification.

■ The Court has encountered this issue in the context of FDCPA class actions before. *See Wilner v. OSI,* 198 F.R.D. 393 (S.D.N.Y.2001) (denying the motion for class certification and dismissing plaintiff's claim as moot); *Wilner v. OSI,* 201 F.R.D. 321 (S.D.N.Y.2001) (granting plaintiff's motion to reconsider). In *Wilner,* defendant made an offer of judgment of $3,000 to plaintiff while plaintiff's class certification motion was pending. *See Wilner,* 201 F.R.D. 321. Following the reasoning of *Ambalu,* I held that Wilner's claim was moot, as he no longer had a legally cognizable interest in the outcome. *See id.* at 396. I did not need to decide whether the Rule 68 offer to Wilner rendered the class action moot however, because I denied the motion for class certification on the grounds that plaintiff had failed to meet the numerosity requirement under Fed. R.Civ.P. 23(a).[2]

Assuming that defendant's offer of judgment does in fact grant all relief to which Schaake herself would be entitled under the FDCPA[3] (which would render Schaake's own claim moot), I must now decide the question that I did not reach in *Wilner.*

The Second Circuit has held that the rights of the absent class may not be abridged by a mandatory Rule 68 offer to an erstwhile class representative, even in an action in which class certification has been denied. *Abrams v. Interco,* 719 F.2d 23 (2d Cir.1983) ("we can assume that a district court's final judgment fully satisfying named plaintiffs' private substantive claims would preclude their appeal on that aspect of the final judgment; however, it does not follow that this circumstance would terminate the named plaintiffs' right to take an appeal on the issue of class certification."). *See also Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 339, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980); *Greisz v. Household Bank, N.A.,* 176 F.3d 1012, 1015 (7th Cir.1999). As the Supreme Court stated held in *Roper:*

> Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

*Roper,* 445 U.S. at 339, 100 S.Ct. 1166.

In *Greisz,* the Seventh Circuit Court of Appeals was asked to review a District Court's Order compelling the plaintiff in that matter to accept a Rule 68 offer *after* the denial of class certification. The Court of Appeals affirmed the lower court, but cautioned against mandating the acceptance of a Rule 68 tender of judgment when a decision on the certification motion has not yet been made:

> We would have a different case if the bank had tried to buy off Greisz with a settlement offer greater than her claim before the judge decided whether to certify the class. For then Longo would have had to find another named plaintiff to keep the suit alive, and if the defendants had bought

---

2. I later granted plaintiff's motion for reconsideration of both holdings. *Wilner v. OSI,* 201 F.R.D. 321 (S.D.N.Y.2001). As to the class certification motion, I held that plaintiff had indeed submitted evidence (obtained from defendant's belatedly-filed responses to plaintiff's interrogatories) of numerosity. I stayed decision of the class certification motion, however, pending a hearing on the question of Wilner's adequacy as a class representative. *See id.* at 326. Plaintiff

also argued that, because his attorney fees amounted to more than $2,000, defendant's offer of judgment was not more than plaintiff could have recovered under the statute, and that his claim was thus not moot. Agreeing that this cast matters in a new light, I reconsidered and denied defendant's motion to dismiss. *See id.* at 323–24.

3. The parties dispute this point.

off *that plaintiff as well and had repeated this tactic as Longo scrounged for a class representative, they might have hamstrung the suit. The tactic is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer of the entire relief sought by the suit, Alpern v. Utili-Corp United, Inc.,* 84 F.3d. 1525, 1539 (8th Cir.1996); *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 341, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) (concurring opinion), *unless the offer comes before class certification is sought, Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir.1994), *and so before the existence of other potential plaintiffs has been announced.*

*Greisz,* 176 F.3d at 1015 (emphasis added).

Following similar reasoning, it has long been recognized that Rule 68 Offers of Judgment have no applicability to matters legitimately brought as class actions pursuant to Rule 23. See e.g., *Gay v. Waiters' and Dairy Lunchmen's Union,* 86 F.R.D. 500, 503 (N.D.Cal.1980) (holding Offer of Judgment inapplicable in class action context due to conflict of interest otherwise created for class representative and interference with goals of Rule 23); *Janikowski v. Lynch Ford, Inc.,* 1999 WL 608714, 1999 U.S. Dist. LEXIS 12258 (1999); *Martin v. Mabus,* 734 F.Supp. 1216 (S.D.Miss.1990) (same); see also 1 *Newberg on Class Actions,* § 15.36, *"Inapplicability of Rule 68 Offer of Judgment in a Class Action Context"* at 15–101 (3d ed.1992).

These decisions have been applied recently in several recent actions brought pursuant to the FDCPA. In all these cases, the result the defendant now urges this court to accept has been explicitly rejected. *See e.g., Liles v. American Corrective Counseling Services, Inc.,* 201 F.R.D. 452 (2001); *Silva v. National Telewire Corp.,* 2000 WL 1480269, 2000 U.S. Dist. Lexis 13986 (Dist.N.H.2000); *Littledove v. JBC & Assocs.,* 2000 WL 33141223, 2000 U.S. Dist. Lexis 18490 (E.D.Cal.2000). In each of these cases—as in the instant matter—the plaintiff was presented with an offer of judgment prior to a decision on the

class certification issue being rendered, and the defendant therein moved both to compel its acceptance and dismiss the matter as moot. *Liles* at 453–54; *Silva* at *1, 2000 U.S. Dist. Lexis 13986 at *3; *Littledove* at *1, 2000 U.S. Dist. lexis 18490 at *2. The court in each rejected the respective defendant's motion in its entirety, viewing the offer as inapplicable prior to the certification issue being decided, and each court based its decision largely upon the same principals noted above by plaintiff herein. *Liles,* at 453–54; *Silva* at *1, 2000 U.S. Dist. Lexis 13986 at *3; *Littledove* at *1, 2000 U.S. Dist. lexis 18490 at *2.

For example, the Court in *Liles* explicitly refused to follow *Ambalu,* and made what has proven to be an accurate prediction on the litigation strategies that would develop if its holding were accepted:

> Hinging the outcome of this motion [to dismiss] on whether or not class certification has been filed is not well-supported in the law nor sound judicial practice; it would encourage a "race to pay off" named plaintiffs very early in the litigation, before they file motions for class certification. A different situation could be presented if class certification had been considered and denied, but that is not the case here. Class certification has not been denied, and defendant will not be permitted to force an end to the putative class action.

*Liles,* 201 F.R.D. 452 (2001).

The *Silva* court similarly noted that,

> Because the proposed class has not yet been certified, there is no existing class on whose behalf the plaintiff would accept an offer of judgment, if such had been made. See Fed.R.Civ.P. 23(c)(1). On the other hand, it would be inappropriate to compel the plaintiff to settle her individual claim against the defendant while the issue of class certification is pending. *See e.g., Greisz v. Household Bank, N.A.,* 176 F.3d 1012, 1015 (7th Cir.1999); *Ambalu v. Rosenblatt,* 194 F.R.D. 451, 453 (E.D.N.Y. 2000); *Caston v. Mr. T's Apparel, Inc.,* 157 F.R.D. 31, 32–33 (S.D.Miss.1994). Therefore, as the plaintiff's claim was not resolved by the defendant's offer of judgment, a live controversy remains in the

case, and the defendant's motion to dismiss is denied.

*Silva v. National Telewire Corp.,* 2000 WL 1480269 at *1, 2000 U.S. Dist. Lexis 13986 at *2 (Dist.N.H.2000).

The same holding should apply in this case. *Ambalu* is distinguishable. Although that case was styled as a class action, the plaintiff therein *never* moved for class certification in nearly two years of litigation. *Id.* at 453; see also Rule 23 ("Plaintiff shall move for class certification as soon as is practicable"). With no certification issue before the court, and therefore no extant claims of potential absent class members to protect, the *Ambalu* court compelled the individual plaintiff to accept the full measure of individual relief sought in his case, and thereafter dismissed the matter as moot. *Ambalu* at 453. Interestingly, Judge Nickerson noted in *Ambalu* both that "plaintiff's arguments [that Rule 68 is inapplicable] may have some validity after class certification" and that "enforcement of Rule 68 may conflict with the policies and principles underlying Rule 23." *See id.* (quoting *Gay v. Waiters' and Dairy Lunchmen's Union,* 86 F.R.D. 500, 503 (N.D.Cal.1980)).

Plaintiff has eloquently argued that applying *Ambalu* to class action complaints leads to an untenable result, and I agree. Here, it is true no motion for class certification was pending at the time defendant made its Rule 68 Offer of Judgment. However, the complaint was filed on May 23 of this year, and the Rule 68 offer was made a mere 32 days later, well before plaintiff could be reasonably expected to file its class certification motion. F.R.C.P. Rule 23. Taken to its absurd logical conclusion, the policy urged by defendant would clearly hamper the sound administration of justice, by forcing a plaintiff to make a class certification motion before the record for such motion is complete—indeed before an Answer is filed—would result in sweeping changes to accepted norms of civil litigation in the Federal Courts.[4] It would also allow defendants to essentially opt-out of Rule 23, by allowing a defendant to avoid liability for class wide relief, which could be prevented by the mere service of a Rule 68 offer at the outset of the case. Thus, the defendant offers its own wishful recipe for tort reform, which seeks to utilize judicial activism to bypass the need for legislation by Congress.

It can surely be said that the Plaintiff in the instant matter—unlike the plaintiff in *Ambalu*-has in no way run afoul of Rule 23 by failing to move for certification *before the filing of the Answer.* See Fed.R.Civ.P. 23. With the class certification motion merely awaiting the relevant discovery—and related scheduling Orders—the Defendant's Offer of Judgment for the individual Plaintiff does not moot this matter, and the Defendant's motion to dismiss for mootness must be denied. *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 339, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980); *Abrams v. Interco,* 719 F.2d 23 (2d Cir.1983); *Greisz v. Household Bank, N.A.,* 176 F.3d 1012, 1015 (7th Cir.1999); *Liles v. American Corrective Counseling Services, Inc.,* 201 F.R.D. 452 (2001); *Silva v. National Telewire Corp.,* 2000 WL 1480269, 2000 U.S. Dist. Lexis 13986 (Dist.N.H.2000).

The motion to dismiss is denied.

This constitutes the order and decision of the Court.

---

4. Lest anyone think this an idle threat, this court has already been advised by counsel for an FDCPA plaintiff in another action that, due to his fear of receiving a Rule 68 offer immediately upon filing a complaint, he planned to file his motion for class certification along with the complaint, so it would be "pending" if an offer of judgement were made. This is absurd.