NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 25, 2007[*]
Decided July 25, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 06-3732

| | |
|---|---|
| FRANK THOMAS,<br>*Plaintiff-Appellant,*<br><br>*v.*<br><br>LAW FIRM OF SIMPSON & CYBAK,<br>*et al.,*<br>*Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 00 C 8211<br><br>David H. Coar,<br>*Judge.* |

**O R D E R**

Frank Thomas sued the law firm of Simpson & Cybak ("Simpson") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o. After Thomas rejected its offer of settlement, Simpson moved to dismiss his claim as moot. The district court granted the motion, and Thomas appeals.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

This case—now in its seventh year of litigation—stems from Thomas's failed purchase of a Chevrolet Blazer. After he missed scheduled payments, General Motors Acceptance Corporation ("GMAC"), through its attorneys at Simpson, sued Thomas in Illinois state court to recover the Blazer. Thomas then sued GMAC, Simpson, and several of their employees in federal court, alleging that they violated the FDCPA when they failed to send him a debt validation notice within five days of their initial communication advising him of his rights as a debtor. The district court dismissed his complaint for failure to state a claim. After hearing Thomas's appeal *en banc*, we reversed the court's dismissal of Thomas's claim against Simpson, remanded that claim only, and left intact the judgment of dismissal as to the remaining defendants, including GMAC. *See Thomas v. Law Firm of Simpson & Cybak, et al.*, 392 F.3d 914 (7th Cir. 2004).

Six months later Thomas moved under Federal Rule of Civil Procedure 60(b) to vacate the district court's judgment dismissing his claims against GMAC—the same judgment that we had left intact. The court construed Thomas's motion as alleging fraud on the court, and accordingly concluded that it was not subject to Rule 60(b)'s one-year limit. The court nonetheless denied the motion on the merits, finding no evidence to support Thomas's allegations that GMAC's attorneys had made false statements to the court. Thomas did not appeal the court's decision on this post-judgment motion within 30 days of its entry.

Meanwhile, as the remanded claim against Simpson proceeded, an attorney for Simpson took Thomas's deposition. When asked to describe his actual damages, Thomas said only that he had lost the "use and enjoyment" of the Blazer. Furthermore, he admitted that this loss had "no relationship" to the FDCPA claim against Simpson, though he objected to the relevance of this admission. Consistent with this admission, he later stated that he would not have been able to make payments on and acquire the Blazer even if Simpson had complied with the FDCPA.

Soon thereafter Simpson served Thomas with an offer of judgment, *see* Fed. R. Civ. P. 68, in the amount of $5,000 plus costs, and when he rejected the offer, it moved to dismiss his claim as moot. Relying on Thomas's sworn concession that there was no relationship between the alleged FDCPA violation and his only identified damages—the loss of use and enjoyment of the Blazer—Simpson reasoned that all Thomas could hope to recover at trial was $1,000 in statutory damages plus costs. The district court agreed, but recognized that Thomas may not have understood the implications of his refusal to accept the offer. It thus denied the motion without prejudice to give Thomas the chance to consider a renewed settlement offer in light of the court's conclusion that for him to reject the offer would render his claim moot. Simpson renewed its offer, and when Thomas again rejected it, the court dismissed his claim with prejudice. Thomas appeals both the

dismissal and the court's denial of his motion to vacate the judgment against GMAC.

On appeal Thomas first argues that the district court erred in determining that his rejection of Simpson's settlement offer rendered his FDCPA claim moot. Our review of the court's Rule 12(b)(1) dismissal order is *de novo*, *see Kikalos v. United States*, 479 F.3d 522, 525 (7th Cir. 2007), but we review the court's "resolution of jurisdictional factual issues for abuse of discretion," *see Sapperstein v. Hager*, 188 F.3d 852, 856 (7th Cir. 1999). "A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Holstein v. City of Chi.*, 29 F.3d 1145, 1147 (7th Cir. 1994). A plaintiff may lose his personal interest in the suit if he rejects a defendant's offer to settle a claim for more than the plaintiff could recover by proceeding to trial. *Griesz v. Household Bank*, 176 F.3d 1012, 1014-15 (7th Cir. 1999); *Holstein*, 29 F.3d at 1147. In other words, by rejecting an offer that would otherwise make him whole on the claim he brings, the plaintiff "eliminates a legal dispute upon which federal jurisdiction can be based." *Griesz*, 176 F.3d at 1015; *see Gates v. Towery*, 430 F.3d 429, 431-32 (7th Cir. 2005).

Thomas, however, wants money for actual damages beyond the $5,000 that Simpson offered him. (He also demands punitive damages, but that remedy is not available under the FDCPA and is therefore not part of the case, *see* 15 U.S.C. § 1692k(a)(1); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).) He admits, though, that he cannot link those damages to the only claim he has pending—the alleged FDCPA violation. This admission is highly relevant because only losses flowing from an FDCPA violation are recoverable as actual damages. *See* 15 U.S.C. § 1692k(a)(1); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 404 (6th Cir. 1998). Because of this admission, this case is remarkably similar to *Griesz*, where the plaintiff, after receiving what she thought was an overcharge on her credit card bill, sued Household Bank alleging that it had not made required disclosures under the Truth in Lending Act. *See* 176 F.3d at 1014. After the plaintiff rejected the bank's Rule 68 offer of $1,200 in statutory damages plus costs, the district court dismissed the suit as moot. *Id.* On appeal we noted that the bank's offer of judgment did not take into account the plaintiff's claim that the credit card overcharge caused her emotional distress. But because the alleged Truth in Lending Act violation was unrelated to the overcharge or the emotional distress that resulted from it, we concluded that the bank "was offering her more than her claim was worth to her in a pecuniary sense." *Id.* at 1014-15. We thus agreed with the district court that the offer rendered the plaintiff's claim moot.

This is an even stronger case for mootness than *Griesz*. Thomas actually admitted in his deposition that "there is no relationship" between what he swore were his actual damages—the loss of use and enjoyment of the Blazer—and the

alleged FDCPA violation—Simpson's purported failure to send a timely validation notice.[1]  Because Thomas admits that this loss is unrelated to the only claim he has pending against Simpson, the maximum that Thomas can link to his pending claim is $1,000 plus costs.  *See* 15 U.S.C. § 1692k(a)(1).  Thus the district court did not abuse its discretion in determining that the $5,000 offer was more than Thomas could obtain from Simpson by proceeding to trial, and because "you cannot persist in suing after you've won," *Griesz*, 176 F.3d at 1015, the court properly concluded that a live controversy no longer exists.

Nonetheless, in arguing that a live controversy persists, Thomas asserts in his brief that he seeks $20,000 "for extreme embarrassment and humiliation."  But when asked at his deposition what caused his embarrassment and humiliation, he did not attribute that injury to Simpson's alleged FDCPA violation either.  Rather, he explained that one of Simpson's attorneys elicited from a GMAC employee during the state proceedings testimony that embarrassed Thomas, and that another Simpson attorney sent him a letter that distressed him during those proceedings.  Thus Thomas's own testimony demonstrates that, like the loss of use and enjoyment of the Blazer, he does not regard the asserted emotional damages as arising from Simpson's alleged FDCPA violation.  As a result, this is not a case where the defendant simply has offered everything that the *defendant* admits is related to a claim, *see Gates*, 430 F.3d at 431-32, but rather a case where it has offered everything that the *plaintiff* has admitted is related to the claim.  This renders the claim moot.

Thomas next argues that the district court should not have considered the settlement offer because, he says, that evidence is inadmissible under Federal Rule of Civil Procedure 68.  Rule 68 states that "[a]n offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs."  But the offer was admissible under Federal Rule of Evidence 408, which states that "conduct or statements made in compromise negotiations" are admissible unless offered "to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount."  Rule 68 is construed in harmony with Rule 408.  *Cf.* Fed. R. Evid. 408, Advisory Committee Notes (noting that the same policy of encouraging settlement underlies both rules).  The district court had broad

---

[1] Thomas argues that we should not consider his deposition testimony because, he says, the district court never ruled on his relevance objection to Simpson's questions about actual damages.  The court referenced his objection, and although it did not explicitly render a ruling, it obviously concluded that the testimony was relevant because it relied on Thomas's answers to determine that subject matter jurisdiction was lacking.  And because Thomas's testimony is central to the question of mootness, the court's relevance determination was not an abuse of discretion.

discretion to admit evidence under Rule 408 for a purpose other than proving liability, *see Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005), and it did not abuse that discretion here, where it considered the offer for the limited purpose of determining jurisdiction, *see Greisz*, 176 F.3d at 1014; *Rand v. Monsanto Co.*, 926 F.2d 596, 597-98 (7th Cir. 1991).

Thomas also raises a frivolous challenge to the district court's order allowing two attorneys for Simpson to appear *nunc pro tunc* after they filed an appearance form that did not conform to the local rules. But the decision to forgive a violation of the local rules is squarely within the district court's discretion, *see Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995), and Thomas has not explained why he believes the court abused its discretion here.

Finally, Thomas argues that the district court erroneously denied his Rule 60(b) motion to vacate its judgment dismissing the GMAC defendants. But Thomas waited to appeal the order until after the court dismissed his claim against Simpson—more than two months after the court denied his motion to vacate. The court's ruling on his Rule 60(b) motion covered a claim that was not subject to the remand. It therefore was a separate, post-judgment order, immediately appealable after the court denied it. *See Goffman v. Gross*, 59 F.3d 668, 673 (7th Cir. 1995); Moore's Federal Practice § 60.68[1] (3d ed. 2006). Because he filed a notice of appeal outside the 30-day limit, we lack jurisdiction to review the denial of his 60(b) motion. *See* Fed. R. App. P. 4(a)(1); *United States v. Hirsch*, 207 F.3d 928, 930 (7th Cir. 2000).

Thomas's challenge to the denial of his motion to vacate the judgment against GMAC is DISMISSED for lack of jurisdiction, and in all other respects we AFFIRM.