NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2014[*]
Decided July 25, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-1512

| | |
|---|---|
| FRANK L. JUDE, JR.,<br>        *Plaintiff*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 06-C-1101 |
| CITY OF MILWAUKEE, WISCONSIN,<br>        *Defendant, Cross-Defendant–Appellee*, | Lynn Adelman,<br>*Judge*. |
| *v.* | |
| ANDREW R. SPENGLER,<br>        *Defendant, Cross-Claimant–Appellant*. | |

## O R D E R

In 2006 Frank Jude sued the City of Milwaukee and seven police officers, including Andrew Spengler, claiming that in 2004 the officers violated the Constitution and state law by beating him as he left a party at Spengler's house. (Spengler was

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

convicted of conspiring to violate, and violating, Jude's civil rights, 18 U.S.C. §§ 241, 242, and is serving 188 months in federal prison. *See United States v. Bartlett*, 567 F.3d 901 (7th Cir. 2009).) The City declined to defend the officers on the ground that they were not acting within the scope of their employment. Spengler insisted that his actions were within the scope of his employment and thus cross-claimed for indemnification from the City under WIS. STAT. § 895.46(1)(a). (This indemnification claim was within the district court's supplemental jurisdiction in the federal-question lawsuit. *See* 28 U.S.C. §§ 1331, 1367(a); *Schadel v. Iowa Interstate R.R.*, 381 F.3d 671, 674 (7th Cir. 2004); *Nw. Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1026 (6th Cir. 2001); *Neustrom v. Union Pac. R.R.*, 156 F.3d 1057, 1061–62 (10th Cir. 1998).)

In 2012, six years after the lawsuit was filed, the City settled with Jude. As part of that settlement, Jude agreed to dismiss his claims against the seven police officers. The following year, with his cross-claim still pending, Spengler moved under Federal Rule of Civil Procedure 15(a)(2) to amend the cross-claim to allege that the City and two of its employees had denied his "open records" request for documents relating to Jude's criminal history. *See* WIS. STAT. § 19.35. This nondisclosure, Spengler claimed, violated his rights to due process, equal protection, and "self representation." (The district court correctly noted that Spengler was seeking to supplement his cross-claim with allegations about events occurring after the crossclaim was filed—actually a Rule 15(d) motion—but the distinction between Rule 15(a) and 15(d) is unimportant here because district courts enjoy the same discretion to grant or deny motions under either subsection. *See Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 742–43 (7th Cir. 1985); *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002); *Harris v. Garner*, 216 F.3d 970, 987 n.6 (11th Cir. 2000).)

The City then offered to pay Spengler the roughly $7,000 in attorneys' fees and costs he had incurred defending the suit. But Spengler refused to accept that offer. The City asked the district court to dismiss Spengler's cross-claim in light of this refusal and asserted that he was prolonging the litigation in bad faith by moving to supplement his cross-claim.

The district court denied Spengler's motion, reasoning that in a seven-year-old lawsuit it was too late "to allow the new, unrelated claim involving additional parties to be raised." The court then dismissed Spengler's cross-claim as moot because the City's offer left nothing in dispute.

On appeal Spengler challenges the denial of his Rule 15(d) motion and the dismissal of his cross-claim. In both instances the district court proceeded appropriately. A district court does not abuse its discretion by not allowing new, unrelated claims to be added late in a lawsuit. *See Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848 (7th Cir. 2002); *Archer Daniels Midland Co. v. Hartford Fire Ins. Co.*, 243 F.3d 369, 374 (7th Cir. 2001); *Mason v. S. Ill. Univ. at Carbondale*, 233 F.3d 1036, 1044 (7th Cir. 2000). And a party's offer that equals the amount in controversy moots the case because there no longer is a dispute to litigate. *Gates v. City of Chicago*, 623 F.3d 389, 413 (7th Cir. 2010); *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1014–15 (7th Cir. 1999); *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991).

Spengler contends that the district court improperly acted sua sponte in dismissing his cross-claim on the ground of mootness. But the dismissal for mootness hardly came out of the blue; although the City did not use the term "moot," it argued that the cross-claim should be dismissed because Spengler refused an offer that fully satisfied his demand.

AFFIRMED.