James GAY, Leonard Whitman, Frederick McDowell, Douglas Lee, and Gary Dennis, on behalf of themselves and all persons similarly situated, Plaintiffs,

and

Loyal Graham, Intervenor,

v.

WAITERS' AND DAIRY LUNCHMEN'S UNION, LOCAL NO. 30; Dining Room Employees Union, Local No. 9; Hotel and Restaurant Employees & Bartenders Union, Local No. 2; the St. Francis Hotel Corporation, a Delaware Corporation; Alioto Fish Co., Ltd., a California Corporation d/b/a Alioto's No. 8 Restaurant; Clift Hotel; Hilton Hotels Corp., a Delaware Corporation d/b/a San Francisco Hilton & Tower; Holiday Inns, Inc.; Hyatt Corp., a Delaware Corporation d/b/a Hyatt on Union Square and Hyatt Regency; Mark Hopkins, Inc., a Hawaii Corporation d/b/a Mark Hopkins; Sheraton Palace Corp. and Kyo-Ya Co., Ltd. d/b/a Sheraton Palace; and Westbury Hotel of California and Grosvenor Sutter Associates d/b/a Westbury Hotel, Defendants.

No. C–73–0489–WWS.

United States District Court, N. D. California.

April 30, 1980.

---

Kenneth Hecht, Richard A. Correa, Employment Law Center, San Francisco, Cal., for plaintiffs.

Donald D. Connors, Jr., Cecily A. Waterman, Brobeck, Phleger & Harrison, Barbara Ashley Phillips, Paul S. Burns, San Francisco, Cal., for defendants.

## MEMORANDUM OF OPINION AND ORDER

WILLIAM W SCHWARZER, District Judge.

This is a motion to modify the denial of costs to defendants. The Court entered judgment in their favor after a bench trial of plaintiffs' individual and class claims of race discrimination by defendants in hiring, promoting, and transferring black males into waiter positions. Defendants, St. Francis Hotel Corporation and Hilton Hotels Corporation, seek the award of costs they incurred after having made offers of judgment to plaintiffs under Rule 68 of the Federal Rules of Civil Procedure.

### Background

The named plaintiffs brought this action on behalf of themselves and other black males allegedly adversely affected by defendants' employment practices. Plaintiffs sought back pay and injunctive relief, basing their claims on 42 U.S.C. Section 1981. The action was bifurcated for trial. Because the Court found for defendants after trial on the issue of liability, it was not necessary to reach questions of relief and the identification of class members. The Court ordered the parties to bear their own costs.

This motion raises a question not decided by any case that has come to the attention of the Court or the parties: whether an award of costs according to Rule 68 is mandatory when the party who refused an offer of judgment was a class representative.

### The Offer of Judgment Rule

Rule 68 [1] provides a procedural device by which a party defending against a civil

---

1. Rule 68, entitled Offer of Judgment, states in relevant part:

 At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer . . .

claim may compel an adverse party to give serious consideration to its settlement proposal. An offer of judgment imposes on the offeree the choice of accepting the offer within 10 days or assuming the risk that the outcome of the case will be less favorable than the offer, on pain of having to pay the costs subsequently incurred by the offeror.

The rule is intended to be coercive. The few reported decisions on motions for costs under the rule, none of which involved an offer of judgment to a class representative,[2] hold that an award of costs is mandatory, provided the offer was reasonable and in good faith. *See, e. g., Scheriff v. Beck*, 452 F.Supp. 1254 (D.Colo.1978); *Dual v. Cleland*, 79 F.R.D. 696 (D.D.C.1978); *Mr. Hanger, Inc. v. Cut Rate Plastic Hangers, Inc.*, 63 F.R.D. 607 (E.D.N.Y.1974); *Staffend v. Lake Central Airlines, Inc.*, 47 F.R.D. 218 (N.D.Ohio 1969); *see also August v. Delta Air Lines, Inc.*, 600 F.2d 699 (7th Cir. 1979), (award of costs not mandatory if the offer was not in good faith) *cert. granted*, —— U.S. ——, 100 S.Ct. 1833, 64 L.Ed.2d 259 (1980). The terms of the rule are mandatory, and thus serve its purpose: "to encourage settlements and avoid protracted litigation." 7 Moore's Federal Practice, Second Edition ¶ 68.02, quoting the 1946 Advisory Committee's Note to Amended Rule 68.

The offers of judgment by the St. Francis and the Hilton in this case met all the formal requirements of Rule 68. Affidavits on behalf of defendants leave no doubt that they were reasonable and good faith offers to settle the class claims; thus, the element of discretion introduced into Rule 68 by the Seventh Circuit's decision in *August v. Delta Air Lines, Inc., supra*, is not involved. Nor is there any question that the judgment obtained was less favorable than the offers.

### The Class Representative as Offeree

An offer of judgment made to a class representative raises difficulties not present where the offeree acts only on his own behalf. As in all other stages of a class action, the Court must consider the potential impact on absent class members. The same coerciveness that, when directed against a party suing in his own behalf, serves the purpose of judicial economy by raising the ante has an added effect in a class action: it introduces a potential conflict between the named party's self-interest and his fiduciary duty to the class.

An offer of judgment forces an individual offeree to weigh his own exposure to liability for the offeror's subsequent costs against his own expected recovery, thereby encouraging a close evaluation of the merits of his claim. If the same procedure were imposed in class actions, the representative as offeree would be forced to balance his personal liability for costs[3] against the prospects of

---

**2.** *Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977), involved an offer of judgment to a class representative. Inasmuch as that offer was accepted, however, no award of costs was ever sought and Rule 68 was not considered.

**3.** No federal case has come to the Court's attention that specifically decides the liability of unnamed members of a plaintiff class for costs taxed against the class after certification. Presumably, a judgment for costs against the class could, at least in theory, be asserted in individual collection actions against unnamed (but identified) class members. *See* B. Wolfson, *Defendant Class Actions*, 38 Ohio L.J. 457, 466 (1977). In practice, the expense of bringing such actions is likely to be prohibitive, given the small amount usually at stake. Because the representative plaintiffs are themselves *jointly and severally liable for the whole* amount, there would normally be little incen-

tive to pursue other class members. *Cf. Sanderson v. Winner*, 507 F.2d 477 (10th Cir. 1974), *cert. denied*, 421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975); *Lim v. Citizens Savings and Loan Ass'n.*, 430 F.Supp. 802, 812–13 (N.D. Cal.1976).

Other practical difficulties also impede pro rata collection of costs from members of an unsuccessful plaintiff class. Identifying and locating class members after years have passed would be expensive, difficult, and time consuming. *Cf.* Note, *Defendant Class Actions*, 91 Harv.L.Rev. 630, 648–49 n. 96 (1978). The kinds of notice, e. g. by publication, ordinarily employed to reach class members in the absence of individual mailing addresses depend on the members to make their identities known. This could hardly be expected where the object is collection of costs.

sharing with the class in any recovery.[4] His evaluation of the offer would therefore be tinged by self-interest and would tend to differ from that of absent class members. Where the class representative's potential liability for costs is substantial compared to his personal stake in a successful outcome, an inherent conflict of interest is created by the mandatory operation of Rule 68. In the present case, the disparity between the magnitude of the personal risk and the likely benefit in the event of a favorable outcome was substantial for several reasons. First, injunctive relief benefitting mainly future black job applicants was an important element of the relief sought. Second, the representatives may have been only a small fraction of the probable class membership which would share in any monetary award.[5] Third, the amount of costs that defendants could have been expected to incur following the offers was substantial.[6] If operation of Rule 68 were mandatory in circumstances such as these, it would create a strong incentive on the part of the class representative to accept an offer which, had his exposure been fully shared by the entire class, he would have rejected.

It is true, of course, that class action settlements must be approved by the Court under Rule 23(e). That requirement, however, does not eliminate the conflict created by a Rule 68 offer. In the first place, Rule 23(e) is not intended to place on the Court the burden of deciding whether the class representative should or should not accept an offer. That decision is for the class representative to make.[7] The Rule 23 approval procedure is primarily designed to afford a forum to objectors. *See, Manduja-no v. Basic Vegetable Products, Inc.*, 541 F.2d 832 (9th Cir. 1976).

Moreover, even if the 10 day deadline for acceptance set by Rule 68 could be extended to allow notice to be given to the class and objections to be heard, as required by Rule 23(e), the conflict is not removed. Both the Court and the absent class members must place considerable reliance on the knowledge, judgment and good faith of the class representative in recommending for or against a settlement offer. But the class representative remains subject to the same conflict of interest, regardless of whether the settlement has been submitted for court review.[8]

Even if court approval were fully adequate to protect the class against improvident settlements, imposing a disproportionate risk on class representatives would still raise an undesirable obstacle to actions such

---

4. The monetary recovery by individual class members in a case like the present one would not necessarily be the same, depending on such factors as their qualifications and dates of application. Likewise, injunctive relief might benefit some class members differently from others. These differences do not turn, however, on whether the persons were named parties, exposed to liability for costs, or unnamed class members.

5. The five named plaintiffs represented a class composed of qualified black males who were denied waiter jobs after applying, discouraged from applying, terminated, or not promoted because of defendants' allegedly discriminatory practices. The evidence suggests that as many as several hundred possible class members might have been identified, based, e. g., on black membership in the waiters' union. It is impossible to say how many of these could ultimately have proved their membership in the class had plaintiffs prevailed.

6. The bills of costs, as revised, total $3,505.99 for the St. Francis and $2,883.98 for the Hilton. Certain of the specific cost requests to which

plaintiffs objected were withdrawn during the pendency of this motion. The Court need not reach the remaining disputed items.

7. In passing on a proposed settlement,

. . . the trial court is entitled to rely upon the judgment of experienced counsel for the parties . . . Indeed, the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel."
*Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

8. Another conflict between the rules would occur where the court under 23(e) disapproves the Rule 68 offer as a basis for settlement although acceptable to the class representative and the plaintiff class ultimately obtains a less favorable judgment. To impose liability for costs on the plaintiff in that case would be ludicrous, yet required by the literal terms of Rule 68. *See*, Note, *Rule 68: A "New" Tool for Litigation* 1978 Duke L.J. 889, 903–4.

as this. A strong Congressional policy favors the availability of federal remedies for employment discrimination. Employment discrimination actions under Section 1981 serve a parallel Congressional objective to actions under Title VII of the Civil Rights Act of 1964. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295 (1975).[9] In reaching its decision to read a requirement of good faith into Rule 68 in a Title VII action, the Seventh Circuit noted:

> We do not propose to permit a technical interpretation of a procedural rule to chill the pursuit of that high objective.

*August v. Delta Air Lines, Inc., supra*, 600 F.2d at 701.

 This case involved serious claims of race discrimination in hiring, transfer, and promotion decisions affecting hundreds of persons over a period of ten years for the St. Francis and six years for the Hilton. It is doubtful that these claims could practically have been asserted other than by way of a class action. Although the named plaintiffs and several others testified about their experiences seeking work at the defendant hotels, plaintiffs' main argument rested on the overall pattern of hiring, transfer, and promotion of blacks into waiter positions at the two hotels. A sizeable effort was mounted to present statistical evidence. It was clear at the time the offers of judgment were made that the success of these claims would depend on the decision of novel and difficult legal questions regarding statistical proof of the elements of a claim under Section 1981. This introduced an uncertainty about the outcome that could only have exacerbated the disparity, discussed above, between the class representatives' exposure to the risk of a cost award and their individual interests in the event of success.

For the foregoing reasons, the Court concludes that enforcement of Rule 68 may, in cases such as this, conflict with the policies and principles underlying Rule 23 and statutes enforced by class actions. Although Rule 68 on its face is mandatory, the obvious conflict which exists here must be resolved. Under the circumstances of this case, no resolution other than denial of costs seems just or proper.[10] The motion to modify the denial of costs to defendants will therefore be denied.

IT IS SO ORDERED.

---

**9.** *Cf. Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978) (". . . assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII.")

**10.** Rule 1 directs that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."