Kendra McDOWALL, on behalf of herself and all others similarly situated, Plaintiff,

v.

Michael R. COGAN, Rubenstein, Cogan, Beehler & Quick, P.C., and Does 1 through 10, inclusive, Defendants.

No. 03–CV–419 ARR.

United States District Court, E.D. New York.

May 8, 2003.

Brian L. Bromberg, Brian L. Bromberg, P.C., New York City, Lance A. Raphael, Stacy M. Bardo, Chicago, IL, for Plaintiff.

Andrew G. Tretter, McDonough, Marcus, Cohn, Tretter, Heller & Kanca, LLP, New Rochelle, NY, for Defendants.

### OPINION AND ORDER

ROSS, District Judge.

By motion dated March 31, 2003, plaintiff Kendra McDowall moves to strike an offer of judgment made by the defendants pursuant to Rule 68 of the Federal Rules of Civil Procedure. For the reasons given below, McDowall's motion is denied.

### BACKGROUND

McDowall filed this action on January 27, 2003, by means of a class action complaint on behalf of herself and others similarly situated. Compl. ¶¶ 33–39. She alleges that defendants violated the Fair Debt Collection Practices Act (FDCPA) when they attempted to collect a debt owed by her, and she seeks to recover damages provided by 15 U.S.C. § 1692k. Before answering, defendants served McDowall's counsel with an offer of judgment in the amount of $1.000, plus costs and reasonable attorney's fees, pursuant to Rule 68 of the Federal Rules of Civil Procedure. This sum represents the maximum the FDCPA authorizes plaintiffs alleging McDowall's claims to recover. *See* 15 U.S.C. § 1692k: *see also Ambalu v. Rosenblatt,* 194 F.R.D. 451, 452–53 (E.D.N.Y.2000).

Several days after receiving the Rule 68 offer, McDowall, as per the court's individual rules, sent the court a pre-motion letter in which she advised the court of her intention (1) to move to strike the offer of judgment, or, in the alternative. (2) to move immediately for class certification. During a telephone conference with the parties, the court told the parties that it was not inclined to revisit its holding in *White v. OSI Collection Servs., Inc.,* No. 01 Civ. 1343, 2001 WL 1590518 (E.D.N.Y. Nov. 5, 2001), in which it denied a defendant's motion to compel a named plaintiff to accept an offer of judgment when the offer constituted the maximum allowed by the FDCPA. McDowall. however, consid-

ered her motion to strike necessary for a further reason.

McDowall worries that if class certification is denied, she will bear the entire cost of litigating the class certification motion, as she will be unable to recover more than the maximum authorized by the FDCPA. Her fears of burdensome costs are not unfounded in view of defendants' representation that they will vehemently oppose class certification efforts. Because the offer of judgment places her interests in conflict with those of the unnamed putative class members, McDowall argues that it is fundamentally incompatible with Rule 23 of the Federal Rules of Civil Procedure and therefore should be stricken. Defendants observe that the offer has not yet been filed with the court and argue that there is nothing for the court to strike.

### DISCUSSION

Rule 68 provides, *inter alia,* that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." F.R.C.P. 68. The "plain purpose of Rule 68 is to encourage settlement and avoid litigation .... The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny,* 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). "The hope is that the existence of Rule 68 will encourage plaintiffs to accept *reasonable* settlement offers rather than forcing defendants through the expensive process of going to trial." *Bryant v. Bonded Accounts Servs.,* No. 00 Civ. 1072, 2000 WL 33955881, at *2, 2000 U.S. Dist. LEXIS 22309, at *4 (D.Minn. Aug. 2, 2000) (emphasis added).

Courts and commentators have debated whether Rule 68 offers to named plaintiffs are ever reasonable in the class action context due to difficulties that manifest themselves at the intersection of Rule 23 of the Federal Rules of Civil Procedure and Rule 68. "The offer of judgment rule presumes that the offeree (and not the court) has authority to accept or reject the terms of a

formal offer." 13 *Moore's Federal Practice* § 68.03[3]. However, Rule 23(e) requires court approval of a class action settlement, in certain circumstances even when the class has not yet been certified. *Christensen v. Kiewit–Murdock Inv. Corp.*, 815 F.2d 206, 218 (2d Cir.1987) (Feinberg, J., dissenting) ("[T]his circuit has indicated that Rule 23(e) may be applied to dismissals or settlements agreed to before class certification."); *see also* 4 Alba ‘Conte & Herbert Newberg, *Newberg on Class Actions* § 11:13 (2002) ("Under certain circumstances, settlement with a class plaintiff before class certification may be available, with approval of the court.") [hereinafter "Newberg"]; 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1797 (2d ed.1986) ("[C]ourts generally have agreed that actions filed as class suits are within the scope of Rule 23(e) even though they have not been formally certified at the time a settlement is reached.") [hereinafter "Wright and Miller"].[1] "The purpose of [Rule 23(e) ] is to protect the nonparty members of the class from unjust or unfair settlements affecting their rights when the representatives become fainthearted before the action is adjudicated or are able to secure satisfaction of their individual claims by a compromise." Wright, Miller & Kane § 1797. Before a court can approve a settlement, it must insure that "the settlement is fair and ... that the class members interests were represent-ed adequately." *In re Warner Communications Securities Litigation*, 798 F.2d 35, 37 (2d Cir.1986). A court should only accept as fair a settlement proposal to the named plaintiff that offers the putative class members nothing if "absent class members will not otherwise be prejudiced by dismissal of the action." Newburg § 11:13.

A court could conceivably declare a Rule 68 offer that compensates the named plaintiff but provides nothing for putative class members to be unfair and prejudicial. Should it refuse to accept such a proposed settlement, and the named plaintiff ultimately recover less than the original offer, he might then bear all the costs of litigation. The named plaintiff would then find himself in the unfair position of having prosecuted a case against his will and bearing all the expenses of litigation. 13 *Moore's Federal Practice* § 68.03[3]; *see also Gay et al. v. Waiters' and Dairy Lunchmen's Union, Local No. 30 et al.*, 86 F.R.D. 500, 503 n. 8 (N.D.Cal.1980) ("To impose liability for costs on the plaintiff in [this sort of] case would be ludicrous, yet required by the literal terms of rule 68."). For this reason, Justice Brennan opined that "Rule 68 does not mesh with such careful supervision" of class action settlements required by Rule 23(e). *Marek v. Chesny*, 473 U.S. at 35 n. 49, 105 S.Ct. 3012 (Brennan, J., dissenting).[2]

---

1. *See also In re Austrian and German Bank Holocaust Litig.*, No. 98 Civ. 3938, 2001 WL 228107, at * 3, 2001 U.S. Dist. LEXIS 2311, at *10–11 (S.D.N.Y. Mar. 8, 2001) ("While some courts have held that Rule 23(e) applies only to certified class actions, the majority view interprets Rule 23(e) to apply to pre-certification dismissals as well."); *Goldstein v. Delgratia Mining Corp.*, 176 F.R.D. 454, 457 n. 3 (S.D.N.Y.1997) (stating that "the Southern District of New York, as most other districts, and all other leading authorities are of the view that court approval for dismissal of class action lawsuits is mandatory" and noting that "this is true even in the context of pre-certification"); *Robinson et al. v. First National City Bank*, 482 F.Supp. 92, 100 (S.D.N.Y.1979); *Bryant v. Bonded Accounts Servs.*, No. 00 Civ. 1072, 2000 WL 33955881, at *3, 2000 U.S. Dist. LEXIS 22309, at *8 (D.Minn. Aug. 2, 2000); *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir.1989). *But see Shelton v. Pargo*, 582 F.2d 1298, 1303 (4th Cir.1978) ("Rule 23(e) does not apply to any action simply because it was begun as a class action.").

2. In 1984, the Advisory Committee on Rules of Practice and Procedure of the Judicial Conference of the United States proposed a revision of Rule 68 that expressly precluded offers of judgment in class or derivative actions. *See* Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure (Sept.1984), reprinted in 102 F.R.D. 407, 433 (1985). The Committee reasoned that these actions "are excluded for the reason that acceptance of any offer would be subject to court approval ... and the offeree's rejection would burden a named representative-offeree with the risk of exposure to potentially heavy liability that could not be recouped from unnamed class members." *Id.* at 436.

Although a leading treatise deems citation to proposed revisions of the rules "a highly questionable practice," it nonetheless observed that the proposed revision of Rule 68 received considerable attention from the bench and the bar and

For related reasons, an offer of judgment to a named plaintiff presents him with a problematic conundrum—should he mind the fiduciary obligation he owes to the putative class members, reject the offer, and thereby make himself liable for all the costs of litigation, or should he heed his self-interest, disregard his fiduciary duties, and accept the offer?[3] In other words, a Rule 68 offer of judgment in this context places the personal interests of the named plaintiff at loggerheads with his fiduciary responsibilities to the putative class members. *See Gay*, 86 F.R.D. at 502; *see also Gibson v. Aman Collection Serv., Inc.*, No. 00 Civ. 1798, 2001 WL 849525, at *3, 2001 U.S. Dist. LEXIS 10669, at *8 (S.D.Ind. July 23, 2001). "A representative plaintiff in a class action cannot simply agree to a settlement that might be advantageous for him personally but not for the other plaintiffs." *Bryant*, 2000 WL 33955881, at *2, 2000 U.S. Dist. LEXIS 22309, at *5–6. However, in light of the risk that the named plaintiff might bear the costs of litigation as discussed above, his interests might lead strongly toward accepting the offer. *Gay*, 86 F.R.D. at 503.

In light of these and other difficulties present at the junction of Rule 68 and Rule 23, several district courts have simply held Rule 68 inapplicable to class actions, a result McDowall urges the court to reach here. *See Schaake v. Risk Management Alternatives, Inc.*, 203 F.R.D. 108, 111 (S.D.N.Y. 2001) ("[I]t has long been recognized that Rule 68 Offers of Judgment have no applicability to matters legitimately brought as class actions pursuant to Rule 23."); *Martin v. Mabus*, 734 F.Supp. 1216, 1222 (S.D.Miss. 1990). Recommending this exception for class actions, an important treatise reasons that "[by denying the mandatory imposition of Rule 68 in class actions, class representatives will not be forced to abandon their litigation posture each time they are threatened with the possibility of incurring substantial costs for the sake of absent class members.]" 3 Newburg § 15:36.

Another important treatise, however, counsels against carving out an exception for class actions from Rule 68:

> Despite these concerns, there is little authority for invalidating Rule 68 in class actions. Rule 68 is designed to insulate defendants willing to consent to judgment against incurring the costs of further litigation, and there appears no indication that protection should be denied defendants in class actions, much as its provisions fit poorly in the class action context. Since the Supreme Court held Rule 68 inapplicable in cases in which the defendant prevails, the risk that defendants will make minimal offers in class actions in order to gain the advantages of Rule 68 does not exist, and the rule provides an incentive for defendants in those cases to make reasonable and substantial offers.

12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3001.1 (2d ed.1997). Other district courts have refused to read the exception plaintiff requests into Rule 68. *E.g., Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F.Supp.2d 157, 161 (E.D.N.Y.2003); *Ambalu*, 194 F.R.D. at 453. Notably, a proposed revision for Rule 68 creating this exception was rejected in the mid–1980s. *See* Discussion, *infra* note 2; *see also* Roy D. Simon, Jr., *The Riddle of Rule 68*, 54 Geo. Wash. L.Rev. 1 (1985) (discussing the rejection of the proposed revision and labeling it "a dead letter"). In light of this history, it is highly questionable whether the court should undertake judicial amendment of the rule.

Notwithstanding this considerable debate about the perceived incompatibility of Rule

---

therefore found it worthy of discussion. *See* Wright & Miller § 3007.

**3.** A named plaintiff acts as a fiduciary to the unnamed class members. *See Martens v. Thomann*, 273 F.3d 159, 173 n. 10 (2d Cir.2001) (describing the relationship between a class representative and the class as a fiduciary one). These fiduciary obligations attach even in putative class actions. *Gardner v. Westinghouse*

*Broadcasting Co.*, 559 F.2d 209, 219 (3d Cir. 1977); 4 Newberg § 11.65 ("The general rule is that the named plaintiff and counsel bringing the action stand as fiduciaries for the entire class, commencing with the filing of a class complaint."). *Cf. Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 331, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).

68 and Rule 23, the apparent conflict is not irremediable in the particular circumstances of this case. As recited above, Rule 68 imposes the costs of litigation on the "offeree" should the offer exceed the eventual recovery. Earlier in its text, the rule refers to the offeree as the "adverse party." F.R.C.P. Rule 68. In certain class actions, the adverse party should be conceived of as the indivisible class; the named plaintiff and other unnamed class members should not be thought of individually as adverse parties. As the court in *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239 (2001), noted, whereas the adverse party prior to class certification "consisted previously of a single plaintiff, it is now [after certification] comprised of dozens, scores, or even hundreds of individuals." *Id.* at 243.

Following this logic, the *Kremnitzer* court concluded that an offer of judgment made to a named plaintiff prior to class certification "disappears" once the class is certified. *Id.* at 244. It reasoned,

> In our view, the certification of a class operates as a material change in the nature of the litigation which extinguishes a pending Rule 68 offer of judgment against a single plaintiff .... When certification transforms the single-plaintiff action into a class action, the 'adverse party' to whom the Rule 68 offer of judgment was addressed changes materially .... In light of these material changes, the 'adverse party' to whom the Rule 68 offer of judgment was directed is not the same 'adverse party' that exists post-certification. Instead, that first 'adverse party' disappears, taking with it the Rule 68 offer of judgment that once pended against it.

*Id.* at 243–44. The court thus concluded that "the offer of judgment is without force ...." *Id.* at 244. Because the adverse party to whom the defendant made the offer ceased to exist once the class came into being, the defendant did not extend its settlement proposal to the true offeree.

The court agrees with the conclusion in *Kremnitzer*—that an offer to a named plaintiff alone is not an offer to the adverse party when the adverse party consists of a class. However, this rule should not be restricted to cases where the class has already been certified. As discussed above, Rule 23(e) applies even in the context of putative class actions. Its reach to cases in the pre-certification stage reflects the requirement that courts, for the purposes of settlement, must presume that a class action is "proper," i.e., that the class has been certified, prior to actual certification. *See Philadelphia Elec. Co. v. Anaconda Am. Brass Co.*, 42 F.R.D. 324, 326 (E.D.Pa.1967); *see also* 4 Newberg § 11:65 ("It is well settled law that 'during the interim between filing of a class action and the 23(c)(1) determination by the court, it must be assumed to be a class action for purposes of dismissal or compromise under 23(e) unless and until a contrary determination is made under 23(c)(1).'") (quoting *Philadelphia Elec. Co.*, 42 F.R.D. at 326); *Kahan v. Rosenstiel*, 424 F.2d 161, 169 (3d Cir.1970) ("[A] suit brought as a class action should be treated as such for purposes of dismissal or compromise, until there is a full determination that the class action is not proper."); *Ross v. Warner*, 80 F.R.D. 88, 90 n. 2 (S.D.N.Y.1978) ("It is well settled law that from the time of filing a class action, including the period before its certification, it is to be dealt with as such for purposes of dismissal or compromise."). From this rule it follows that the court must understand the "adverse party" for the purposes of settlement to be the putative class itself, not merely the named plaintiff.[4]

---

4. The "relation back" doctrine implicitly recognizes the necessity in certain instances to conceive of the class as a whole, not merely the named representative, as the plaintiff, even prior to class certification. It is black-letter law that "a case is moot when the parties lack a legally cognizable interest in the outcome." *White v. OSI Collection Servs., Inc.*, No. 01 Civ. 1343, 2001 WL 1590518, at *1, 2001 WL 1590518, at *1 (E.D.N.Y. Nov. 5, 2001). However, recognizing the "special problems associated with class action mootness," *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir.1994), the Supreme Court has recognized an exception to the mootness rule. *See Sosna v. Iowa*, 419 U.S. 393, 399, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). In situations where an the named plaintiff's claims are "so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires," *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 399, 100

It is true that several district .courts, in adjudicating the legal significance of an offer of judgment prior to class certification, have intimated that an offer of judgment has little meaning so long as the named plaintiff files for class certification before the ten-day period within which a plaintiff must accept or reject an offer of judgment expires. *E.g., Parker v. Risk Management Alternatives, Inc.*, 204 F.R.D. 113, 115 (N.D.Ill.2001); *Kremnitzer*, 202 F.R.D. at 243; *Person v. Stupar, Schuster & Cooper*, No. 00 Civ. 18203, 2001 U.S. Dist. LEXIS 18203, at *6–7 (E.D.Wis. July 6, 2001); *Asch v. Teller, Levit & Silvertrust, P.C.*, 200 F.R.D. 399, 400 (N.D.Ill.2000). In this case, McDowall has not yet filed for class certification. However, she indicated her intention to do so expeditiously in her pre-motion letter, and presumably she has not done so to date in reliance on the court's agreement to consider a motion to strike first. Moreover, the court does not agree with the authorities cited to above that defendants should be allowed to force plaintiffs into hastily-drafted certification motions by making offers of judgment. Such a policy "would clearly hamper the sound administration of justice, by forcing a plaintiff to make a class certification motion before the record for such motion is complete— indeed before an Answer is filed ...." *Schaake*, 203 F.R.D. at 112. It would encourage a race to the courthouse between defendants armed with uninformed offers and plaintiffs with under-researched certification motions. *See Liles v. American Cor-*

*rective Counseling Servs., Inc.*, 201 F.R.D. 452, 455 (S.D.Iowa 2001).

■ It follows that if a defendant wishes to make an offer of judgment prior to class certification in the interests of effecting a reasonable settlement and avoiding the costs and inefficiencies of litigation, it must do so to the putative class and not to the named plaintiff alone.[5] If it makes its offer only to the class representative, it cannot then seek to impose costs on him after judgment is rendered pursuant to Rule 68, as it will not have directed its offer to the proper offeree.

This resolution allows the court to avoid the potential friction between Rule 68 and Rule 23. A defendant who wishes to conclude a putative class action expeditiously may make a settlement offer to the entire putative class. If he does so, the named plaintiff will not find his fiduciary obligations to the putative class members pitted against his own self-interest. Nor will a court likely disapprove of a settlement on the basis that it is not fair to the absent class members. This result minimizes the possibility that a named plaintiff will unfairly shoulder the costs of litigation due to the court's refusal to endorse a settlement offer.

Moreover, this rule makes abusive use of offers of judgment less likely. Hasty offers of judgment made to named representatives immediately after putative class actions are filed often are thinly-veiled efforts to "pick off" the putative class representative. *White*, 2001 WL 1590518, at *3. Giving effect

S.Ct. 1202, 63 L.Ed.2d 479 (1980), "the putative class representatives retain standing to litigate the question of class certification even though their individual claims are moot." *White*, 2001 WL 1590518, at *2. This mootness exception recognizes that in order to give effect to the purposes of Rule 23, for certain class actions it is necessary to conceive of the named plaintiff as a part of an indivisible class and not merely a single adverse party. If not, it might prove impossible ever to reach the question of class certification, as the defendant could simply "pick off" named representatives with early settlement offers.

5. This rule only applies in situations where, as here, the offer of judgment is made before the plaintiff has had a reasonable opportunity within which to move for class certification. By so holding, the court distinguishes the instant case from *Ambalu v. Rosenblatt*, 194 F.R.D. 451

(E.D.N.Y.2000), a putative class action in which Judge Nickerson compelled a named representative to accept an offer of judgment. In that case, the plaintiff had not moved for class certification in the year-and-a-half between the filing of the complaint and entry of judgment. If a plaintiff does not push his putative class action forward within a reasonable period of time, the defendant should not have to wait for its dilatory adversary to act. Here, however, defendant interposed an offer of judgment immediately, even prior to answering. It left plaintiff no opportunity to move for class certification. *Ambalu* does not apply in such an instance. *E.g., Nasca v. GC Servs. Ltd. Partnership*, No. 01 Civ. 10127, 2002 WL 31040647, at *3, 2002 U.S. Dist. LEXIS 16992, at *9–10 (S.D.N.Y. Sept. 13, 2002); *Schaake v. Risk Management Alternatives*, 203 F.R.D. 108, 111–12 (S.D.N.Y.2001).

to these offers enables defendants to "circumven[t] and stymie[ ] the class action mechanism." *Id.* at *6. One district court in the Second Circuit observed that these sorts of offers "allow defendants to essentially opt-our of Rule 23, by allowing a defendant to avoid liability for class wide relief," and denounced them as a "wishful recipe for tort reform, which seeks to utilize judicial activism to bypass the need for legislation by Congress." *Schaake*, 203 F.R.D. at 112. If required to make offers to all putative class members and not just to the named plaintiff, defendants will resort to this tactic only when they wish to take good faith steps to resolve cases speedily and equitably.

■ Having reached the above conclusions, the court nonetheless denies McDowall's motion to strike. As defendants observe, there is nothing to strike here, as an offer of judgment is not filed with the court until accepted or until offered by a deferred party to prove costs. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3002 (2d ed.1997). Moreover, even assuming that it is possible to strike a document not yet filed with the court, there is no point in striking defendants' offer, as it has no legal significance. *See Parker*, 204 F.R.D. at 115–16.

### CONCLUSION

Although defendant's Rule 68 offer of judgment was not made to the appropriate offeree, the court cannot strike what has not yet been filed with it. Accordingly, McDowall's motion to strike the Rule 68 offer of judgment is denied.

SO ORDERED.