UNITED STATES of America for the use of SILVA'S EXCAVATION, INC., a New Mexico Corporation, Plaintiff,

v.

JIM COOLEY CONSTRUCTION, INC., an Oklahoma Corporation, and Westfield Insurance Company, an Ohio Corporation, Defendants.

No. CIV 07–0743 LCS/RHS.

United States District Court, D. New Mexico.

Aug. 6, 2008.

Peter B. Shoenfeld, Santa Fe, NM, for Plaintiff.

## MEMORANDUM OPINION AND ORDER

LESLIE C. SMITH, United States Magistrate Judge.

**THIS MATTER** comes before the Court on Plaintiff's Motion for Attorney Fees (Doc. 68), Motion for Taxation of Costs (Docs. 67), Motion to Strike Offer of Judgment (Doc. 74), and Objections to Defendant Cooley's Bill of Costs (Doc. 79), and on Defendant Cooley's Motion for Attorney Fees (Doc. 73) and Motion for Taxation of Costs (Docs. 71). I have reviewed the motions, the memoranda submitted by the parties, the record, and the relevant authorities. Acting upon consent and designation pursuant to 28 U.S.C. § 636(c), I find that Plaintiff's motions for attorney fees and costs are not well-taken and should be **DENIED,** and that Defendant Cooley's motion for attorney fees should be **GRANTED** and motion for costs should be **GRANTED IN PART.** Additionally, I find that Plaintiff's objections and motion to strike should be **GRANTED.**

## I. ANALYSIS

### A. Motions for Attorney Fees and Costs

The parties' subcontract provides that, "Should either party employ an attorney to institute suit or demand arbitration ... the prevailing party shall be entitled to

recover reasonable attorney's fees, costs, charges, and expenses expended and incurred therein." (Doc. 17, Ex. 1 at 17.) Thus, the issue here is not whether the prevailing party is entitled to attorney fees and costs, but rather which party is the prevailing party. (*Id.*) Plaintiff claims that he is the prevailing party because he received a judgment against Defendants in the sum of $31,700. (Doc. 68 at 1; *see also* Doc. 65.) Meanwhile, Defendant Cooley asserts that it is the prevailing party because it won on every issue at trial and because Plaintiff's testimony was found to contain several inconsistencies and to be wholly lacking in credibility. (Doc. 73 at 1; *see also* Doc. 64.) Because both parties cite only New Mexico law in their motions and briefs, it is apparent that they intend to modify their original agreement so that New Mexico law governs this issue.[1]

■■■■ Under New Mexico Law, the term "prevailing party" has been defined as " 'the party who wins the lawsuit—that is, a plaintiff who recovers a judgment or a defendant who avoids an adverse judgment.' " *Mayeux v. Winder,* 139 N.M. 235, 131 P.3d 85, 96 (N.M.App.2005) (quoting *Dunleavy v. Miller,* 116 N.M. 353, 862 P.2d 1212, 1219 (1993)). It has also been defined as " 'the party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even thought not necessarily to the extent of his original contention.' " *Mayeux,* 131 P.3d at 96 (quoting *Hedicke v. Gunville,* 133 N.M. 335, 62 P.3d 1217 (N.M.App.2002)). The assessment "need not be mechanic or formulaic, but is governed by, and should be apportioned according to, the facts and circumstances of the case and the extent to which the parties, in fact prevailed." *Hedicke,* 62 P.3d

at 1225–26. "The trial court has broad discretion when awarding attorney fees and will not be reversed a unless there is an abuse of discretion." *Id.* at 1224.

■■■ With this framework in mind, I find that Defendant Cooley is the prevailing party in this case for the following reasons:

(1) Nearly a year before litigation began, Defendant Cooley tendered to Plaintiff a check for $30,000 after exercising its right to terminate the subcontract for convenience and causing a "conversion" of the subcontract to "a cost plus agreement." (*See* Trial Exhibit 39; Doc. 64 at 34.) This amount is very close to the $31,700 awarded at trial, and much closer than the $61,372 requested by Plaintiff. (Doc. 65; Doc. 59 at 8.)

(2) Also at that time, Defendant Cooley requested Plaintiff's actual costs so that it could calculate the amount owed to Plaintiff under the cost plus agreement in case it was greater than the $30,000 already tendered. (Doc. 64 at 37.)

(3) Three months later, Plaintiff responded with an invoice that was found at trial to be inherently unreliable. (*Id.* at 38.) Among other things, the invoice claimed that Plaintiff's costs on the $104,947 subcontract, for which its work was not even completed, totaled $153,183.

(4) When Plaintiff notified Defendant Cooley of its intent to pursue litigation, Defendant Cooley suggested that the next step was mediation. (Doc. 17, Exs. 2, 3.) Later, Defendant Cooley attempted to compel arbitration. (Doc. 10.) Additionally, Defendant Cooley reiterated on at

---

**1.** I notice that the subcontract states that Oklahoma law shall govern the parties' agreement. (Doc. 17, Ex. 1 at 16.) However, "parties may modify or waive the terms of a contract, despite contractual provisions to the contrary." *Lone Mountain Production Co. v. Natural Gas Pipeline Co.,* 984 F.2d 1551, 1557 (10th Cir.1992).

least three occasions that it was willing to pay additional amounts owed, if any, but that it was unable to determine what amounts were actually owed with the invoice provided by Plaintiff. (*See, e.g.,* Doc. 17, Exs. 2–4.) While Defendant Cooley did fail to actually schedule mediation in accordance with the dispute resolution provisions of the subcontract (*see* Doc. 44), I do find it significant that Plaintiff refused to (a) cooperate with either of Defendant Cooley's attempts to initiate alternative dispute resolution or (b) further substantiate the numbers contained in its invoice. (*See, e.g.,* Doc. 14.)

(5) At trial, I found Plaintiff's testimony to be wholly lacking in credibility and adopted many of Defendant Cooley's proposed findings of fact and conclusions of law. (*See, e.g., id.* at 26, 41; Doc. 61.)

(6) Using numbers provided by Defendant Cooley, I ultimately awarded Plaintiff $31,700—the exact amount that Defendant Cooley insisted was owed. (Doc. 64 at 41.)

The conclusion that Defendant Cooley is the prevailing party is bolstered by comparing this case to *Mayeux v. Winder,* 139 N.M. 235, 131 P.3d 85 (N.M.App.2005). There, the plaintiffs claimed that their interest in a limited liability company was worth $1,500,792 and filed suit after the defendant offered to buy them out for only $205,000. *Id.* at 88. At trial, the defendant changed his valuation of the plaintiffs' interest to $306,666 based on advice from his accountant. *Id.* at 89. After finding that the defendant had not breached his fiduciary duty, breached the contract, or engaged in fraud, the trial court awarded the plaintiffs $306,666 for their interest, the exact amount Defendant acknowledged was owed. *Id.* Then, it clarified its decision by adopting many of the defendant's

proposed findings of fact and conclusions of law, and awarded the defendant costs as the prevailing party in the matter. *Id.* On appeal, the Court of Appeals of New Mexico rejected the plaintiffs argument that they were the prevailing party because they recovered a money judgment and because that judgment was 50% higher than the defendant's pretrial offer. *Id.* at 97. Instead, it found that the defendant had won on what was "clearly the heart of the case," the valuation of the plaintiffs' interest in the LLC, and concluded that the trial court did not abuse its discretion in determining that the defendant was the prevailing party. *Id.*

Like the defendant in *Mayeux,* Defendant Cooley is a prevailing party, even though the other side received a money judgment that was greater than the amount offered pre-trial, because it won on the main issues in the case—including the exact amount owed at trial. *Id.* To put it another way, Defendant Cooley has won on "the heart of the case." *Id.* Accordingly, Defendant Cooley is entitled to its attorney fees, costs, charges, and expenses under the subcontract. (Doc. 17, Ex. 1 at 17.)

I have reviewed the description of fees and the affidavit submitted by Defendant Cooley's counsel, and I find both its charges and its rates to be reasonable. (Doc. 73, Exs. 2, 3.) *See also United States ex rel. C.J.C., Inc. v. Western States Mech. Contractors, Inc.,* 834 F.2d 1533, 1547 (10th Cir.1987) ("[T]he trial court has discretion to adjust or even deny a contractual award of fees if such an award would be … unreasonable."); *Dennison v. Marlowe,* 108 N.M. 524, 775 P.2d 726, 728–29 (1989). As a result, Defendant Cooley will be awarded $34,779, the full amount requested in its Motion for Attorney Fees. (Doc. 73.)

Further, Plaintiff's argument that Defendant Cooley's Motion for Attorney Fees

was untimely lacks merit. (*See* Doc. 78 at 1.) Rule 54 states that a motion for attorney's fees must be filed no later than fourteen (14) days after the entry of judgment unless a statute or a court order provides otherwise. FED.R.CIV.P. 54(d)(2)(b). Meanwhile, Local Rule 54.5(a), which has been adopted by court order, specifies that a motion for attorney's fees must be filed within thirty days (30) after entry of judgment. *See, e.g.* Administrative Order filed April 11, 2006. Thus, Local Rule 54.5(a) governs in this case. As a result, Defendant Cooley's Motion for Attorney Fees, which was filed twenty-six (26) days after entry of judgment, is timely. (*See* Docs. 65, 73.)

### B. Plaintiff's Motion to Strike Offer of Judgment

Plaintiff argues that Defendant Cooley's Offer of Judgment, filed July 14, 2007, should be stricken because it was untimely, and because its filing as an attachment to Defendant Cooley's Proposed Findings of Fact and Conclusions of Law prevented Plaintiff from becoming aware of the document's existence. (Doc. 74.) Defendant counters that the Offer of Judgment was timely filed under the rules and that Plaintiff cannot have the offer stricken simply because Plaintiff did not bother reading the offer. (Doc. 80.) Because Defendant's Offer of Judgment was not sufficiently clear, I hold that the offer is void.

▆▆▆▆ "Under [Rule] 68, if a plaintiff rejects a defendant's settlement offer and 'the judgment finally obtained by the offeree is not more favorable than the offer,' then the plaintiff 'must pay the costs incurred [by the defendant] after the making of the offer.'" *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir.1999)

(quoting FED.R.CIV.P. 68). "[P]laintiffs face serious consequences in either accepting or rejecting a Rule 68 offer." *Id.* at 1076 (citing *Webb v. James*, 147 F.3d 617, 621 (7th Cir.1998)).

A judgment less favorable than the offer requires that a plaintiff pay the defendant's usually substantial post-offer costs. There must therefore be a clear baseline from which plaintiffs may evaluate the merits of their case relative to the value of the offer. *See Webb*, 147 F.3d at 621; *Arkla Energy Resources v. Roye Realty & Dev.*, 9 F.3d 855, 866–67 (10th Cir.1993) ("the offeree must know what is being offered in order to be responsible for refusing the offer"); *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402–03 (8th Cir.1988); *Gay v. Waiters' & Dairy Lunchmen's Union, Local 30*, 86 F.R.D. 500, 502 (N.D.Cal.1980) (Rule 68 offers of judgment function by forcing "an *individual offeree* to weigh *his own* exposure to liability for the offeror's subsequent costs against *his own* expected recovery, thereby encouraging a close evaluation of the merits of *his* claim").

*Id.* "Further, plaintiffs should not have to speculate how courts will interpret an offer; 'a defendant should state his intentions clearly, and any failure to do so will be at his peril.'" *Id.* (quoting *Chambers v. Manning*, 169 F.R.D. 5, 8 (D.Conn.1996) (citation omitted in original)). The rule allows defendants to serve "an offer" on the opposing party, not an offer buried amongst other pleadings. *See* FED. R.CIV.P. 68. Because Defendant's offer was not unambiguously served on Plaintiff, it does not meet the baseline standard of Rule 68. The offer, therefore, will have no effect—on or off the record. I hold that it is void.[2]

---

**2.** While the timeliness of the offer is a moot issue, it is the Court's opinion that Defendant's timeliness analysis is incorrect. Rule 68 provides that an offer must be served "[m]ore than 10 days before the trial begins...." FED.R.CIV.P. 68(a). Rule 6, which

### C. Plaintiff's Objections to Defendant Cooley's Bill of Costs

Plaintiff challenges three items in Defendant Cooley's Bill of Costs as not taxable under Local Rule 54.2: (1) Federal Express charges of $86.52, (2) Copy expenses totaling $618.46, and (3) Color Photograph costs of $60.83. (Doc. 79.) I find Plaintiff's objections to be well-taken and shall exclude these items from the calculation of Defendant Cooley's costs. *See Sorbo v. UPS*, 432 F.3d 1169, 1179 (10th Cir. 2005); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Accordingly, Defendant Cooley's award of costs shall be limited to $670.03. (*See* Doc. 72.)

**IT IS, THEREFORE, ORDERED** that Defendant Cooley's Motion for Attorney Fees (Doc. 73) is **GRANTED** and Motion for Costs (Doc. 71) is **GRANTED IN PART.** Defendant Cooley is entitled to $34,779 in attorney fees and $670.03 in costs.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 68) and Motion for Costs (Doc. 67) are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 74) is **GRANTED,** and that Defendant Cooley's Offer of Judgment, filed July 14, 2007 (Doc. 71, Ex. 1), is held as void.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to Defendant Cooley's Bill of Costs (Doc. 79) is **SUS-** **TAINED** and that the costs awarded to Defendant Cooley shall be limited to $670.03.

governs the issue of timeliness, provides that in computing a time period, one may "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days." FED.R.CIV.P. 6(a)(1). "More than 10 days" does not fall into that definition—"more than ten" cannot be "less than eleven." So in the case of an offer of judgment, one would count straight through the weekends in computing the time period.

Interestingly, it appears that the acceptance provision of Rule 68 *does* fall within Rule 6(a)(1). "If, within 10 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service." FED.R.CIV.P. 68(a). "Within 10 days" is most definitely "within 11 days," and thus the court would not count intermediate weekends and holidays when computing the time for the acceptance of an offer.