Elman **ABRAMOV**, individually, and on behalf of all others similarly situated, Plaintiff,

v.

**I.C. SYSTEM, INC.** and John Does 1–25, Defendants.

No. 14–cv–4000 (ADS)(ARL).

United States District Court, E.D. New York.

Signed Dec. 12, 2014.

Law Office of Joseph K. Jones, LLC by Joseph K. Jones, Esq., Benjamin J. Wolf, Esq., Of Counsel, New York, NY, Marcus Law, LLC, by Ari H. Marcus, Esq., Of Counsel, Asbury Park, NJ, for the Plaintiff.

Hinshaw & Culbertson LLP, by Concepcion A. Montoya, Esq., Of Counsel, New York, NY, for the Defendant IC Systems, Inc.

## DECISION AND ORDER

SPATT, District Judge.

Familiarity with the factual and procedural history of this case is presumed.

By way of background, on July 1, 2014, the Plaintiff Elman Abramov (the "Plaintiff") brought this class action lawsuit on behalf of himself and a proposed nationwide class seeking redress for certain actions taken by the Defendants I.C. System, Inc. ("I.C. System") and John Does 1–25 (collectively the "Defendants") allegedly in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

Of relevance here, the FDCPA authorizes courts to award individuals "any actual damage" sustained because of a violation of its provisions and "additional damages ... not exceeding $1,000." 15 § 1692k(a)(1)–2(A). The FDCPA further authorizes class damages up to the smaller of $500,000 or 1% of the defendant's value. 15 § 1692k(a)(2)(B). In either individual or class actions, plaintiffs may also recover attorneys' fees and costs. 15 § 1692k(a)(3). Here, the Plaintiff seeks both actual and statutory damages on behalf himself and the class.

On August 19, 2014, I.C. System moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted.

On August 28, 2014, I.C. System served the Plaintiff with a Rule 68 Offer of Judgment, which provided as follows:

Pursuant to Fed.R.Civ.P. 68, defendant I.C. System, Inc. hereby offers to allow judgment to be taken against it in this action as to the individual Fair Debt Collection Practices Act ("FDCPA") claim of plaintiff Elman Abramov in the amount of (a) One Thousand Five Hundred and One Dollars ($1,501.00) payable to Elman Abramov plus (b) reasonable attorney's fees and costs to be determined by the Court, payable to Elman Abramov for the benefit of all attorneys in this matter, including counsel of record. Any judgment entered pursuant to this offer will be in full satisfaction of the plaintiff's individual claims under the FDCPA for damages, costs, and attorney's fees in this action. *See* Compl. [Dkt. # 1], ¶¶ 3947.

If this Offer of Judgment is not accepted in writing within fourteen (14) days after its services, it shall be deemed withdrawn.

(The Pl's Exh. B.)

That day, the Plaintiff's counsel e-mailed I.C. System's counsel advising that "said Offer is improper at this time and therefore Plaintiff can neither accept nor reject said Offer." (Pl's Exh. C.) The Plaintiff also contended that an Offer of Judgment could not moot a putative class action absent undue delay in the filing of a motion for class certification.

On October 14, 2014, 54 F.Supp.3d 270, 2014 WL 5147549 (E.D.N.Y.2014), this Court granted in part and denied in part I.C. System's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

On October 28, 2014, I.C. System moved pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss the class action complaint for lack of subject matter jurisdiction or, in the alternative, for a stay of this action pending resolution of two cases pending before the Second Circuit, *Franco v. Allied Interstate, LLC,* Docket No. 14–1464 and *Tanasi v. New Alliance Bank,* Docket No. 14–1389.

. In support of its motion, I.C. Systems contends that the Plaintiff has failed to sufficiently allege "actual damages." Relatedly, I.C. System asserts that the Rule 68 Offer of Judgment in the amount of $1,501, plus reasonable attorneys' fees and costs, provided full relief to the Plaintiff and exceeded the amount of statutory damages, costs, and attorneys' fees that the Plaintiff would be entitled to were he successful on his FDCPA claims. Relying on *Doyle v. Midland Credit Mgmt. Inc.*, 722 F.3d 78 (2d Cir.2013), I.C. System maintains that the Plaintiff's failure to accept the Rule 68 Offer of Judgment renders his claims moot. Further, relying on *Franco v. Allied Interstate LLC*, 13 CIV. 4053(KBF), 2014 WL 1329168 (S.D.N.Y. Apr. 2, 2014), I.C. System maintains that the putative class action must be dismissed as well for lack of subject matter jurisdiction.

The Plaintiff counters that the instant motion is a procedurally defective "successive motion." Further, relying on this Court's FDCPA decision in *Thomas v. American Service Finance Corporation*, 966 F.Supp.2d 82 (E.D.N.Y.2013), the Plaintiff contends that the Rule 68 Offer of Judgment does not moot his individual claims because the offer was "premature," meaning made before the Plaintiff "had a reasonable opportunity within which to move for class certification." *Id.* at 93. To hold otherwise, the Plaintiff argues, would encourage "a race to the courthouse between defendants armed with uninformed offers and plaintiffs with underresearched certification motions." *Id.* (quoting *McDowall v. Cogan*, 216 F.R.D. 46, 51 (E.D.N.Y.2003)). The Plaintiff also argues that the Rule 68 Offer does not deprive this Court of subject matter jurisdiction because the Plaintiff retains the ability to recover "actual damages."

As an initial matter, the Court easily disposes of the Plaintiff's argument that the instant motion is a procedurally defective "successive motion." Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." However, Rule 12(g)(2) explicitly incorporates as an exception Rule 12(h)(3), which permits the Court to consider the defense of lack of subject matter jurisdiction at any time. This is so because courts have an independent obligation to examine its subject-matter jurisdiction at all successive stages of litigation. *See Thompson v. County of Franklin*, 15 F.3d 245, 248 (2d Cir.1994). Thus, the instant motion to dismiss on the basis of subject matter jurisdiction is proper.

Further, even if a defense of lack of subject matter jurisdiction could not be considered at any time, the Court notes that the instant motion would still not violate Rule 12(g)(2)'s prohibition against successive motions. This is because the Rule 68 Offer of Judgment was served on the Plaintiff *after* the filing of the initial motion to dismiss and, therefore, this defense of lack of subject matter jurisdiction was not available to the I.C. System at the time of the initial motion to dismiss.

Nevertheless, the Court denies the motion to dismiss for lack of subject matter jurisdiction. Indeed, the Court need not address the question whether, in a Rule 23 class action lawsuit, a defendant's Rule 68 offer of judgment to the named plaintiff only, made before a class certification motion is filed, moots both the individual and class claims. Those interesting issues are pending in two cases before the Second Circuit, *see Franco* and *Tanasi*. However, those issues are not squarely presented here for the reason that I.C. System's

Rule 68 Offer of Judgment would not fully satisfy the Plaintiff's individual claims because it did not account for "actual damages." In other words, in the Court's view, I.C. System's Rule 68 Offer left the Plaintiff with a "personal stake" in the outcome of this action and a live controversy for the Court to resolve.

I.C. System's argument on the issue of "actual damages" in a footnote not only violates this Court's Individual Rule II.A., but it is unpersuasive on the merits. The Defendant argues that the Plaintiff is not entitled to "actual damages" because he did not plead sufficient facts to support such relief. However, as the Fifth Circuit held in *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605 (5th Cir.2014), "[t]his analysis confuses two separate inquiries: (1) the merits, whether [the Plaintiff] sufficiently stated a claim; and (2) jurisdiction, whether the court has the power to reach the merits of [the Plaintiff]'s claim." *Id.* at 608.

The Supreme Court has made clear, these are distinct analyses.

> Jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which [the plaintiff] could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for dismissal for want of jurisdiction.

*Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *see also Chafin v. Chafin*, —— U.S. ——, 133 S.Ct. 1017, 1024, 185 L.Ed.2d 1 (2013) ("[The defendant's] argument confuses mootness with the merits.... [A plaintiff's] prospects of success are [ ] not pertinent to the mootness inquiry."); *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 642–43, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002) ("It is firmly established in our cases that the absence of a valid (as opposed to argu-

able) cause of action does not implicate subject-matter jurisdiction.") (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quotation marks omitted)).

As the *Payne* court held:

> Whether [the] allegations state a plausible claim for actual damages is an inquiry different from whether a federal court has jurisdiction to hear the case. To render a decision on whether [the Plaintiff] is entitled to a particular type of relief—in this case actual damages—is to decide the merits of the case. A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is not the proper mechanism to challenge the merits of [the Plaintiff]'s claims.

*Id.* at 608.

Indeed, the cases cited by I.C. System—*Ritchie v. N. Leasing Sys., Inc.*, 14 F.Supp.3d 229 (S.D.N.Y.2014) and *Engel v. Scully & Scully, Inc.*, 279 F.R.D. 117, 121 (S.D.N.Y.2011) as standing for the proposition that conclusory or illusory claims for "actual damages" must be dismissed as a matter of law—were non-FDCPA cases decided under Rule 12(b)(6) motions.

The Court declines to entertain a motion to dismiss the Plaintiff's prayer for "actual damages" as a matter of law because such a Rule 12(b)(6) motion would, unlike the instant motion to dismiss for lack of subject matter jurisdiction, be a "successive motion" in violation of Rule 12(g)(2). Stated otherwise, a challenge to the Plaintiff's prayer for "actual damages" could have been previously raised.

■ In any event, even if the Court to consider the issue, it would find that the complaint adequately alleges "actual damages." A complaint must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a)(3).

Nothing in the FDCPA requires an allegedly aggrieved party to plead "actual damages" in detail. *See* Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice."). Accordingly, the Court finds that, as a matter of law, the Plaintiff has adequately plead "actual damages" under the FDCPA. *Compare Newton v. Palm Coast Recovery Corp.,* No. 13–62051–CIV (JIC), 2014 WL 293484, at *3 (S.D.Fla. Jan. 27, 2014) ("Newton's prayer for 'Damages' and 'Such other or further relief as the Court deems proper' sufficiently notifies Palm Coast that he is seeking both actual and statutory damages recoverable under the FDCPA.")

To be sure, in order to recover "actual damages" at the trial, the Plaintiff will be required to prove his damages with some specificity. However, for present purposes, the Plaintiff has sufficiently alleged "actual damages" under the FDCPA.

Having concluded that the Defendant's Rule 68 Offer did not fully satisfy the Plaintiff's individual claims and that the Court retains subject matter jurisdiction over this case, the Court identifies no reason to grant the Defendant's alternative request to stay this case pending resolution of *Franco* and *Tanasi.*

The Court recognizes that this Decision and Order is somewhat at odds with an unpublished order dated September 25, 2014 in a similar FDCPA case, *Rush v. IC Systems,* No. 14–cv–4542, pending in the Southern District of New York. There, the Court held both a motion to dismiss by the same defendant and the Plaintiff's motion for class certification in abeyance pending resolution of *Franco* and *Tanasi,* notwithstanding the fact that the plaintiff sought "actual damages" on her own behalf. However, the Court notes that the *Rush court* did not address the issue of "actual damages" in any detail.

In sum, for the reasons set forth, the Court denies I.C. System's motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the case for lack of subject matter jurisdiction or to stay this case pending resolution of *Franco* and *Tanasi.*

**SO ORDERED.**